UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RON PROSKY, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PALM BEACH HEALTH NETWORK PHYSICIAN GROUP D/B/A PALM BEACH HEALTH NETWORK, and PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, <br><br> Defendants. | Case No.: 9:24-cv-80656-DMM <br><br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE UNREDACTED COMPLAINT UNDER SEAL** |

Plaintiff Ron Prosky ("Plaintiff"), by and through his undersigned counsel, hereby moves this Court for leave to file one (1) document under seal, pursuant to S.D. Fla. L.R. 5.4.

## MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE DOCUMENT UNDER SEAL

The right of access to judicial records pursuant to common law is well established. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985). In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public's interest in accessing court documents. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). To balance these interests, courts consider (i) whether allowing access would impair court functions or harm legitimate privacy interests; (ii) the degree and likelihood of injury if made public; (iii) the reliability of the information; (iv) whether there will be an opportunity to respond to the information; (v) whether the information concerns public officials or public concerns; and (vi) the

availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id*.

To assist the Court in this evaluation, Local Rule 5.4(b)(1) requires the movant to specify the proposed duration of the requested sealing, the documents to be filed under seal, and to describe the information or documents to be sealed with as much particularity as possible, without revealing the content of the proposed sealed material. Plaintiff further addresses these requirements below.

## I.   DESCRIPTION OF DOCUMENT TO BE FILED UNDER SEAL

Without revealing any potentially confidential contents of the subject documents, Plaintiff requests permission to publicly file his Complaint with minimal redactions, redacting only Plaintiff's sensitive personal health information ("PHI")—approximately 20 lines of the 96-page complaint—and filing under seal the un-redacted Complaint.

## II.   FILING THE DOCUMENT IS NECESSARY

Redacting the Complaint is necessary because it contains Plaintiff's PHI. *See, e.g.*, *United States ex rel. Alvord v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:10-CV-52-T-17EAJ, 2012 WL 12904676, at *7 (M.D. Fla. Sept. 14, 2012) (ordering parties to "redact the 'individually identifiable health information' from the medical records, so the records will no longer contain 'protected health information' under HIPAA); .*Munson v. Ahmed*, 2022 WL 743030, at *3 (S.D. Ill. Mar. 11, 2022) (finding good cause to seal documents with references to plaintiff's medical diagnosis); *United States v. Offord*, 2020 WL 5748091, at *4 (C.D. Ill. Sept. 25, 2020) (finding good cause to seal medical records); *Hammock v. Res-Care, Inc.*, 2021 WL 4928145, at *3 (S.D. Ind. Jan. 25, 2021) (granting motion to permanently seal documents containing "protected health

information"); *Newman v. Gagan*, LLC, 2016 WL 11604179, at *1–2 (N.D. Ind. Mar. 31, 2016) (granting motion for leave to file healthcare records under seal, and collecting cases granting similar motions).

Sealing of the un-redacted Complaint is necessary to preserve the confidentiality of Plaintiff's Protected Health Information under HIPAA. Protecting a party's private healthcare information is a legitimate basis upon which to seal a document. *Bingham v. Baycare Health Sys.*, 2016 U.S. Dist. LEXIS 145406 at *3 (M.D. Fla. October 20, 2016).

### III.  DURATION OF THE SEAL

Pursuant to Local Rule 5.4(b)(1) Plaintiff requests that the unredacted Complaint be permanently sealed.

WHEREFORE, Plaintiff hereby respectfully moves for an Order granting him leave to file an un-redacted copy of the Complaint under seal.

.

DATED: May 24, 2024

By: */s/ Matthew J. Langley*
Matthew J. Langley
Florida Bar No. 97331
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
matt@almeidalawgroup.com

Ryan Clarkson (*pro hac vice* forthcoming)
Yana Hart (*pro hac vice* forthcoming)
Tiara Avaness (*pro hac vice* forthcoming)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (231) 788-4070
rclarkson@clarksonlawfirm.com

yhart@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I, Matthew J. Langley, an attorney, hereby certify that on May 24, 2024, I electronically served the foregoing on all counsel of record via the Court's CM/ECF system.

/s/ Matthew J. Langley